Filed 4/2/21  P. v. Cordero CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CORDERO,<br><br>    Defendant and Appellant. | B307245<br><br>(Los Angeles County<br>Super. Ct. No. VA129304) |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed and remanded.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2012, Daniel Cordero and Christian Calderon fired shots at an occupied vehicle, one of Calderon's shots killing an occupant.

At trial, "[t]he prosecution relied on two separate theories to argue Cordero was guilty of murder:  He aided and abetted the murder itself, or he aided and abetted the assault that naturally and probably resulted in the murder."  The jury was instructed "on both theories, and . . . found him guilty of second degree murder without specifying which theory it credited."  (*People v. Cordero* (Apr. 30, 2018, B280146) [nonpub. opn.] at p. *14].)  Cordero was sentenced to a long prison term, and we affirmed the conviction.

In 2019, Cordero filed a petition for resentencing under Penal Code section 1170.95.[1]  Relief under section 1170.95 is available to an inmate who was convicted of murder under the natural and probable consequences, aiding and abetting doctrine, but not to "a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)  The trial court found Cordero was ineligible for relief as a matter of law because he was a major participant in the underlying felony, and acted with reckless indifference to human life.  It therefore denied the petition without appointing counsel.

Cordero argues the court erred in denying him counsel to assist with his petition.  Respondent concedes the point, and we agree.

Section 1170.95 permits "[a] person convicted of felony murder or murder under a natural and probable consequences

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

theory" to petition the sentencing court to vacate the conviction and resentence on any remaining counts if the person could not be convicted of murder under the new section 188. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).)

If the petition contains the required information, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of [section 1170.95]." (§ 1170.95, subd. (c).) If the petitioner has made this initial prima facie showing, he or she is entitled to appointed counsel, if requested, and the prosecutor must file a response, and the petitioner may file a reply. (*Ibid.*) The court then reviews the petition a second time. If it concludes in light of this briefing that the petitioner has made a prima facie showing of entitlement to relief, it must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and recall the sentence and resentence the petitioner on any remaining counts. (*Id.* at subds. (c) & (d)(1).)

To determine whether a petitioner has made a prima facie case for relief under section 1170.95, a trial court may look to the record of conviction, including the court file and the opinion from the petitioner's original appeal from his or her conviction. The contents of the record of conviction defeat a prima facie showing

3

when the record shows as a matter of law that the petitioner is not eligible for relief.

Here, the record of conviction does not show as a matter of law that Cordero is ineligible for relief under section 1170.95. As we held in ruling on his direct appeal, the prosecution relied on two theories to argue Cordero was guilty of murder, including that he aided and abetted an assault that naturally and probably resulted in the murder, which would potentially render him eligible for relief under section 1170.95. It is not apparent from the record whether the jury embraced this theory. We therefore conclude Cordero must be appointed counsel to assist with his petition. We do not hold that he is entitled to relief, nor that the court must hold an evidentiary hearing.

Cordero further argues the trial court's error was of constitutional magnitude. We disagree. (*People v. Falcon* (2020) 57 Cal.App.5th 272 [no Sixth Amendment right to counsel in section 1170.95 proceeding]; see also *People v. Frazier* (2020) 55 Cal.App.5th 858 [no due process right to counsel under section 1170, subdivision (d)].)

## DISPOSITION

The trial court's order denying Cordero's petition is reversed, the matter remanded for further proceedings.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          BENDIX, J.

4